UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROLYN WILLIAMS, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-260-JMS-TAB |
| | ) | |
| UNITED PARCEL SERVICE, | ) | |
|     *Defendant*. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Carolyn Williams, filed this lawsuit on March 30, 2010, alleging Defendant, United Parcel Service ("UPS"), subjected her to a hostile work environment as a result of gender discrimination, in violation of Title VII of the Civil Rights Act of 1964. A prerequisite to bringing this type of lawsuit is the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and, if no lawsuit is pursued by the agency, the agency's issuance to the plaintiff of a notice that it has ceased its involvement and that the plaintiff now has a right to pursue a lawsuit in her own name. 42 U.S.C. § 2000e-5(f)(1). After the plaintiff receives such a notice from the EEOC, she has ninety days in which to file a lawsuit in federal court. *Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848, 850 (7th Cir. 2001).

In the case of Ms. Williams, the EEOC concluded its investigation and issued a "Notice of Right to Sue" letter on April 21, 2009. Eighty days thereafter, on July 10,

1

2009, Williams filed a lawsuit in this district court [Cause No. 1:09-cv-0859-SEB-JMS], but never filed proof of service of that lawsuit. Consequently, the court dismissed that lawsuit, without prejudice, in an order and separate judgment, both of which were issued on December 7, 2009. Plaintiff unsuccessfully sought reinstatement of that lawsuit based upon an alleged computer glitch at her attorney's office. However, the alleged glitch did not explain why no record of service was filed with the court in a timely manner; accordingly, the court denied the reinstatement effort in an order dated January 14, 2010. Not until March of that year did Plaintiff file the current lawsuit, which sets forth the same allegations of gender discrimination and hostile work environment as were pled in the first lawsuit. The Court also granted Plaintiff's request to proceed *in forma pauperis*, with payment of the filing fee to be made in seven monthly installments, rather than paying the entire fee up front.

UPS promptly filed a motion to dismiss this lawsuit, to which Plaintiff, through her attorney, responded by filing a document titled "Objection to Defendant's Motion to Dismiss." This "objection" does not respond at all to the merits of the motion filed by UPS; rather, it sets forth Plaintiff's attorney's excuse for not responding to an order to show cause issued in the first litigation. Plaintiff was allowed additional time, through July 6, 2010 to file a brief in support of the "objection," but no brief was filed. On July 8, 2010, the Court issued its Order To Show Cause, asking Williams to show cause by July 14, 2010 why her Complaint should not be dismissed for her failure to make any of the monthly payments required for her filing fee. After hearing nothing further from the

Plaintiff, the Court granted UPS's motion to dismiss on July 16, 2010.

On August 3, 2010, the Plaintiff, *pro se*, filed a document that asked the Court to reopen her case because her failure to pay the fee was due to communication problems with her attorney, with whom she had since parted ways. She indicated she would represent herself if she could not find another attorney. In response, the Court vacated its previous order of dismissal, reinstated the case and the motion to dismiss, gave Williams through August 25, 2010 to respond to the motion and deemed her attorney's representation concluded. Plaintiff filed her response to the motion to dismiss on August 18, 2010; however, it did not address the substantive arguments for dismissal made by UPS in its motion. A second response was filed by Williams on October 28, 2010, essentially blaming the attorney who had represented her for not being diligent and not communicating to her the importance of various deadlines. UPS has objected to this second response as an unauthorized sur-reply which provides no new information excusing the untimely filing of the complaint in this action.

It is unfortunate that Williams had difficulty obtaining maximum effort and communication from her attorney during the time he represented her. She may have recourse for such circumstances against her former attorney, but not against UPS. The Seventh Circuit has made it completely clear that when a case is dismissed without prejudice the statute of limitations is deemed unaffected. So, as in this case, if the statute has run by the time the case is dismissed, the dismissal is effectively with prejudice. *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). Accordingly, the proper thing

for Williams to have done was to appeal the decision in the first lawsuit. She could not properly file a second lawsuit outside the statute of limitations period. This lawsuit was brought long after the ninety day period allowed for pursuit of a claim after Plaintiff's receipt of her right to sue notice and, accordingly, must be dismissed.

Defendant's Motion to Dismiss [dkt. #11] is GRANTED. Defendant's Motion to Strike [dkt. #34] is DENIED as MOOT.

IT IS SO ORDERED.

11/05/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic copy to**:

D. Scott Watson
QUARLES & BRADY
scott.watson@quarles.com

**Copy by U.S. Mail to**:

CAROLYN WILLIAMS
10516 Candy Apple Lane
Indianapolis, IN 46235

4